FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>     v.<br><br>ROBERT GLENN LONGEE,<br><br>              Defendant - Appellant. | No. 10-30085<br><br>D.C. No. CR 09-65-GF-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 6, 2010[**]
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.

On May 28, 2009, the United States charged Robert Glenn Longee with

aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a).  Longee

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

was accused of violently raping his mother-in-law, who was 63 years old at the time, and confined to a wheelchair. After a jury found Longee guilty, the district judge imposed a term of life imprisonment. Longee appeals his sentence and the district court's decision not to declare a mistrial.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm the district court.

The facts of this case are known to the parties. We do not repeat them.

I

Appellate review of sentencing decisions "is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). When conducting a review for "reasonableness," courts of appeal consider all sentences "under a deferential abuse-of-discretion standard." *Id.* at 41. To determine substantive reasonableness, this court considers "the totality of the circumstances." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). A within-Guidelines sentence is not presumptively reasonable. *Id.* at 993.

A district court's denial of a motion for a mistrial is reviewed for abuse of discretion. *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008).

II

Longee first claims that the district court abused its discretion by failing to

adequately explain the sentence and by imposing a substantively unreasonable sentence. When reviewing a sentencing decision this court will first review the determination for procedural error, before addressing whether the sentence is substantively reasonable. *United States v. Ressam*, 593 F.3d 1095, 1115-16 (9th Cir. 2010).

A court commits procedural error by not fully explaining the sentence selected. *Carty*, 520 F.3d at 993. During sentencing district courts should provide "defendant-specific reasons for imposing a certain sentence." *United States v. Delgado*, 357 F.3d 1061, 1071 (9th Cir. 2004). However, "[a] within-Guidelines sentence ordinarily needs little explanation . . . . because both the Commission and the sentencing judge have determined that the sentence comports with the § 3553(a) factors." *Carty*, 520 F.3d at 992.

Here, the sentencing judge adequately explained Longee's sentence. The judge began by properly calculating the Guidelines range, addressing the relevant § 3553(a) factors, and reflecting on the seriousness of the offense. The judge then directly referenced defense counsel's claims by stating that Longee's "history and characteristics[] have been fully weighed and considered. Some of that history has been included in counsel's remarks." **ER 99.**

Longee also argues that a lifetime sentence, although within the Guidelines

recommendation, is substantively unreasonable. Although within-Guidelines sentences are not presumptively reasonable, this court does "recognize that a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Carty*, 520 F.3d at 988.

Longee claims that his "history and characteristics" render the sentence substantively unreasonable. However, Longee does not explain how or why his personal history affects his culpability, or how this history renders a Guidelines sentence unreasonable.

Longee also argues that a life-term is "longer than necessary" to achieve the statutory purposes of punishment. But Longee has not demonstrated "how, in light of the totality of the circumstances, the district court abused its discretion," *United States v. Crowe*, 563 F.3d 969, 978 (9th Cir. 2009), especially given the district court's thorough explanation and the danger that Longee poses to the community. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 937 (9th Cir. 2009).

## III

Longee also argues that the district court erred by not declaring a mistrial after the jury indicated that it was deadlocked. This court considered a similar appeal in *United States v. Green*, 962 F.2d 938 (9th Cir. 1992). There the court stated that it "accord[s] great deference to a trial judge's decision whether to

declare a mistrial because of jury deadlock." 962 F.2d at 944. Given that the jury had only deliberated for a few hours, the district court did not abuse its discretion by ordering the jury to deliberate longer. *See United States v. Sommerstedt*, 752 F.2d 1494, 1498 (9th Cir. 1985) (affirming a district court's decision not to declare a mistrial and instead to order the jury to deliberate for an additional full day).

AFFIRMED.