NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50040 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04631-LAB |
| v. | MEMORANDUM[*] |
| JUAN CRUZ-RODRIGUEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Juan Cruz-Rodriguez appeals from the 30-month sentence imposed
following his guilty-plea conviction for being a deported alien found in the United
States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Cruz-Rodriguez contends the district court violated his due process rights by failing to give him notice and an opportunity to respond as required by Federal Rule of Criminal Procedure 32(h) ("Rule 32(h)") before imposing an upward departure. The record indicates the district court imposed a variance rather than a departure, and therefore Rule 32(h) does not apply. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) (concluding that Rule 32(h) applies only to departures).

Cruz-Rodriguez argues that the district court violated his due process rights by relying on unproven facts when imposing his sentence. This claim fails because Cruz-Rodriguez has not met his burden in demonstrating that the challenged information was either false or unreliable or that it demonstrably made the basis for his sentence. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

Cruz-Rodriguez further contends that the district court misapplied the Guidelines' provisions regarding departures and as a result, imposed a substantively unreasonable sentence. This claim is not persuasive because the record reveals that the district court did not impose a departure. Moreover, considering the totality of the circumstances, including the 18 U.S.C. § 3553(a) sentencing factors, the district court did not abuse its discretion by imposing a

sentence six months above the applicable Sentencing Guidelines range. *See United*

*States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**

10-50040