**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10325 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-02035-SMM |
| v. | |
| MATIAS LOPEZ-FERNANDEZ, a.k.a. Jose Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Matias Lopez-Fernandez appeals from the district court's judgment and challenges the 30-month sentence imposed following his jury-trial conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez-Fernandez contends that the district court procedurally erred at sentencing and violated his due process rights by relying on an improper factor, namely, the desire to deter other defendants from exercising their Sixth Amendment right to trial. We review for plain error, *see United States v. Vanderwerfhorst*, 576 F.3d 929, 934-35 (9th Cir. 2009), and find none. The record belies Lopez-Fernandez's contention that the district court sought to deter other defendants from exercising their Sixth Amendment rights, but rather reflects the court's concern with deterring false testimony. *See generally United States v. Dunnigan*, 507 U.S. 87, 96 (1993) ("[A] defendant's right to testify does not include a right to commit perjury.").

Lopez-Fernandez also contends that his sentence is substantively unreasonable. We review the substantive reasonableness of the sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Lopez-Fernandez's criminal history and the need for deterrence and to protect the public. *See id.*

Finally, we decline to consider Lopez-Fernandez's argument regarding the district court's alleged bias and antagonism toward him. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (issues not raised in opening brief are generally waived).

**AFFIRMED.**

13-10325