**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50086 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00020-SJO |
| v. | |
| FREDY OSWALDO GAMEZ REYES, a.k.a. Luis Enrique Aguirre, a.k.a. Douglas Omar Castillo, a.k.a. Chapo, a.k.a. Freddy Oswaldo Gamez, a.k.a. Freddy Oswaldo Gamez-Reyes, a.k.a. Carlos Lopez, a.k.a. Carlos Ramirez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before:    REINHARDT, FISHER, and MURGUIA, Circuit Judges.

Fredy Oswaldo Gamez Reyes appeals from the district court's judgment and

challenges the 96-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

harboring and concealing illegal aliens for financial gain, in violation of 8 U.S.C.

§§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i). We have jurisdiction under 28 U.S.C.

§ 1291 and 18 U.S.C. § 3742(a), and we affirm.[1]

Gamez Reyes contends that the district court erred when it applied a

two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c). We review

for clear error the district court's factual findings. *See United States v. Rivera*, 527

F.3d 891, 908 (9th Cir. 2008). The record reflects that Gamez Reyes supervised

the guards located at the stash houses where smuggled aliens were held until they

paid their fee. Accordingly, because Gamez Reyes "exercised some control over

others involved in the commission of the offense," the court did not clearly err in

applying the enhancement. *See United States v. Whitney*, 673 F.3d 965, 975 (9th

Cir. 2012) (citation and internal quotation marks omitted). We reject Gamez

Reyes's contention that the district court legally erred by failing to explicitly

compare Gamez Reyes's conduct with others in the alien smuggling operation. *See*

*id.* ("It is not necessary that the district court make specific findings of fact to

---

[1] In an opinion filed concurrently with this memorandum disposition we address Gamez Reyes's claims that the district court erred by imposing a two-level enhancement for smuggling, transporting, or harboring an unaccompanied minor, *see* U.S.S.G. § 2L1.1(b)(4), and a two-level enhancement for involuntarily detaining an alien through coercion or threat or in connection with a demand for payment, *see* U.S.S.G. § 2L1.1(b)(8)(A).

justify the imposition of the role enhancement."). Further, contrary to Gamez Reyes's contention, the district court properly relied on Gamez Reyes's admission that he had the ability to remove one of the aliens from the stash house to a hotel when it determined that Gamez Reyes had a managerial or supervisory role in the offense. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (to succeed on a due process claim, defendant must establish that the challenged information is false or unreliable and that it demonstrably was the basis for the sentence).

Gamez Reyes next contends that the sentence is substantively unreasonable because the district court placed too much weight on unreliable evidence that he allegedly sexually assaulted two of the smuggled aliens. The district court did not abuse its discretion in imposing Gamez Reyes's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense, Gamez Reyes's personal characteristics, and the need to protect the public. *See id.* The district court properly considered each of the section 3553(a) sentencing factors, and was within its discretion to consider Gamez Reyes's admission that he engaged in sexual conduct with a smuggled alien, over whom he had control. *See United States v. Gutierrez–Sanchez*, 587

F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

Finally, Gamez Reyes contends that the district court erred by failing to resolve disputed facts regarding the alleged sexual assaults, in violation of Federal Rule of Criminal Procedure 32. We review de novo whether a district court complied with Rule 32. *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008). The district court overruled Gamez Reyes's objections and credited the allegations of sexual assault. The district court made "an explicit factual finding that resolves the dispute," and therefore complied with Rule 32. *United States v. Carter*, 219 F.3d 863, 867 (9th Cir. 2000). We reject Gamez Reyes's claim that he was entitled to an evidentiary hearing on this issue. *See United States v. Stein*, 127 F.3d 777, 780–81 (9th Cir. 1997) ("Where the district court allows the defendant to rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs, Rule 32 does not require an evidentiary hearing." (internal quotation marks omitted)).

**AFFIRMED.**

13-50086