**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CHARLES STANLEY KOWALESKI, III,<br>aka Charles S. Kowaleski,<br><br>Defendant - Appellant. | No. 13-50108<br><br>D.C. No. 2:12-cr-00384-ODW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 6, 2015
Pasadena California

Before: KLEINFELD and GOULD, Circuit Judges, and GETTLEMAN, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Charles Stanley Kowaleski appeals his conviction and sentence for receipt of child pornography and possession of child pornography. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not abuse its discretion in admitting the images and video clips despite Kowaleski's challenge under Federal Rule of Evidence 403. First, despite Kowaleski's offered stipulations, including the stipulation that a reasonable person looking at the images even momentarily would know that the images were child pornography, the images and video files shown at trial were relevant to proving Kowaleski's knowledge of the files, and that he acted "knowingly," and to undercutting Kowaleski's asserted theory that a roommate had used Kowaleski's computer to download and store the files. Also, the district court's careful voir dire and cautionary instruction to the jury, combined with the fact that the images and video were only shown once and only three images and five video clips totaling less than a minute were shown, minimizes any prejudice. *See United States v. Ganoe*, 538 F.3d 1117,1120, 1123–24 (9th Cir. 2008) (rejecting an appeal involving similar offered stipulations where images and video were relevant to negate the defendant's theory that he had downloaded them without knowing they were child pornography). *United States v. Merino-Balderrama*, 146 F.3d 758, 762–63 (9th Cir. 1998), is distinguishable because in

that case more than ten minutes of film were shown, there was no evidence that the defendant had ever viewed the film, and his knowledge of file content could have been established by still images of child pornography on the covers of the tapes.

2. The district court did not commit procedural error in sentencing Kowaleski. The district court did say that 44,000 images was more than it had encountered in any case before, and that the seriousness of the crime was underscored by the fact that "44,660 images files and 210 movie files of child pornography had been seized." But reading the transcript in context shows that the district court was aware that many of the images were not child pornography. The district court acknowledged as much, stating that the top sentencing enhancement only required 600 images, and that whatever the number, there were a lot of images. The district court confirmed its reasoning in applying that enhancement on the basis that 120 of the video files that were confirmed as child pornography converted to over 9000 images under the Sentencing Guidelines. *See* U.S.S.G. § 2G2.2 cmt. n.4(b)(ii). While the references to the 44,000 images could have been clearer, we will not vacate the sentence on that basis. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 936 (9th Cir. 2009).

The transcript of the sentencing hearing also shows that after correctly calculating the Sentencing Guidelines range, the district court carefully considered

3

and responded to Kowaleski's arguments and gave reasons for its sentencing decision consistent with the sentencing factors under 18 U.S.C. § 3553.  This is consistent with our procedural requirements related to sentencing.  *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008).

3.  Based on the district court's analysis of the § 3553 factors, there is nothing in the record to suggest that the district court's below-Guidelines sentence is substantively unreasonable.  *See id.* at 993.

**AFFIRMED.**