**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10174 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00767-CKJ-JR-1 |
| v. | |
| JAIME ESPINOZA-MEDINA, AKA Jaime Espinosa-Medina, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted November 17, 2015**
San Francisco, California

Before: McKEOWN, RAWLINSON, and DAVIS,*** Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

1

Jaime Espinoza-Medina appeals his sentence of 36 months' imprisonment for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Espinoza-Medina asserts that the district court judge committed substantive and procedural error when she applied an eight-level sentencing departure.

**1.** When reviewing a sentence imposed by a district court, we first determine whether procedural error occurred, and then review the sentence for substantive reasonableness. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We must give "significant deference" to a district court's sentencing decision, reviewing for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc), *as amended*.

**2.** The district court judge did not rely on clearly erroneous facts, and thus did not commit procedural error. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009). Rather, the district court judge cited only the facts from Espinoza-Medina's state court plea that she found reliable. The district court judge also permissibly relied on Espinoza-Medina's narcotics arrest. *See id.* at 935 (explaining that "hearsay evidence of unproved criminal activity not passed on by a court . . . may be considered in sentencing") (citations and alteration omitted).

**3.** The district court judge adequately explained her reasons for departing from the Guidelines Sentencing Range. *See United States v. Ellis*, 641 F.3d 411, 422 (9th Cir. 2011). Prior to imposing Espinoza-Medina's sentence, the district court judge considered the parties' arguments on whether any departures were appropriate, and the parties also submitted sentencing memoranda. A district court judge does not commit procedural error when she listens to arguments on the applicability of departures and considers the arguments against the backdrop of the § 3553(a) factors. *See Carty*, 520 F.3d at 995.

**4.** The 22-month increase resulting from the departure did not render Espinoza-Medina's sentence substantively unreasonable. *See, e.g.*, *United States v. Mohamed*, 459 F.3d 979, 988-89 (9th Cir. 2006) (affirming a sentence where departures resulted in an increase of over 40 months). Here, the judge articulated that a four-level enhancement did not capture the seriousness of an offense that involved a 19-year-old girl being shot multiple times. In addition, the Sentencing Guidelines calculation did not account for the narcotics arrest at all. It is within a district court judge's discretion to apply departures when the judge is of the view that the seriousness of the offense is not captured by the Sentencing Guidelines

enhancement, and when a defendant's criminal history is not accurately reflected. *See Ellis*, 641 F.3d at 420-21.

It was within the district court judge's discretion to apply sentencing departures rather than increasing the criminal history category. *See id.* at 420-22. The mitigating factors urged by Espinoza-Medina did not render his sentence substantively unreasonable. *See id.* at 423 (holding a sentence substantively reasonable where the district court judge engaged in a "rational and meaningful consideration" of the § 3553(a) factors) (citation omitted).

**5.** "We REMAND only for the district court to correct the judgment of conviction by removing the reference to 8 U.S.C. § 1326(b)." *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (citation omitted).

**AFFIRMED and REMANDED.**