NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10151 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00104-GMN |
| v. | |
| RONALD DUNMORE, a.k.a. RB, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Ronald Dunmore appeals from the district court's judgment and challenges

the 12-month-and-one-day sentence imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dunmore challenges his sentence on double jeopardy grounds.  Specifically,

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

he claims that, because the district court relied on the same conduct to both modify the terms of his supervised release and to impose a post-revocation term of imprisonment, he was punished twice in violation of the Double Jeopardy Clause. This argument fails. The record reflects that the district court revoked supervised release based on Dunmore's new violations, including absconding from probation, which occurred after the district court's modification of his terms of supervised release.

Dunmore next contends that the district court procedurally erred and violated his due process rights by considering unadmitted and unproven allegations in the revocation petition. Because Dunmore has not shown that these allegations were demonstrably made the basis for the sentence, *see United States v. Vanderwerfhorst,* 576 F.3d 929, 935-36 (9th Cir. 2009), or that any alleged error affected his substantial rights, *see United States v. Dallman,* 533 F.3d 755, 761-62 (9th Cir. 2008), there was no reversible error.

Dunmore finally contends that his sentence is substantively unreasonable in light of the mitigating factors. The district court did not abuse its discretion in imposing Dunmore's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e)

sentencing factors and the totality of the circumstances, including Dunmore's repeated breaches of the court's trust. *See Gall,* 552 U.S. at 51; *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**