NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-35993 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-00187-LRS |
| v. | 2:08-cr-00147-LRS |
| FRANK BRADLEY MOLESKY, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Frank Bradley Molesky, Jr., appeals from the district court's judgment

denying his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C.

§ 2253. We review de novo the district court's denial of a section 2255 motion,

*see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Molesky contends that, when imposing the 120-month sentence, the district court assumed that Molesky would have been subject to a 180-month mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") had the parties not negotiated a charge bargain. According to Molesky, his sentence violates due process because *Johnson v. United States*, 135 S. Ct. 2551 (2015), subsequently rendered the district court's assumption erroneous. We construe the district court's certificate of appealability broadly to encompass this claim. Molesky is not entitled to relief because the record does not show that the potential application of the ACCA demonstrably formed the basis for Molesky's sentence. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (setting forth due process standard).

As he acknowledges in his reply brief, Molesky's additional arguments are foreclosed. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that [U.S.S.G.] § 4B1.2(a)'s residual clause is not void for vagueness").

**AFFIRMED**.