**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30157 |
| Plaintiff-Appellee, | D.C. No.<br>4:15-cr-00248-BLW-1 |
| v. | |
| DANNY RAY HENDERSON, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted October 6, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and ANELLO,[**] District Judge.

Danny Henderson appeals the district court's 240-month sentence.  We

affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

Henderson pled guilty to possession, distribution, and receipt of sexually explicit images of minors. As part of the presentence investigation, Henderson's mother, F.H., informed a psychologist, and later the probation officer, that Henderson had molested a young child while in foster care. The presentence investigation report recommended a pattern-of-activity guidelines enhancement based on the foster care incident and a 2002 state conviction of lewd conduct with a child, for which Henderson served ten years in prison.

At sentencing, the district court did not impose the recommended five-level enhancement. The court concluded that without extrinsic corroboration, F.H.'s statements were not sufficiently reliable to establish that the foster care incident occurred by clear and convincing evidence.[1] The court, however, considered the foster care incident as part of Henderson's history and characteristics under 18 U.S.C. § 3553(a)(1), in which such facts may be established by a preponderance of the evidence. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005).

On appeal, Henderson argues that the district court's consideration of the foster care incident deprived him of due process. To succeed on his due process

---

[1] "[W]hen a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, the government may have to prove the factor by clear and convincing evidence." *United States v. Felix*, 561 F.3d 1036, 1045 (9th Cir. 2009) (internal quotation marks omitted).

claim, Henderson "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (internal quotation marks omitted). "[T]he district court may consider a wide variety of information at sentencing that could not otherwise be considered at trial" and "is not bound by the rules of evidence." *Id*. at 935 (citing 18 U.S.C. § 3661; Fed. R. Evid. 1101(d)(3)). Due process requires only that "some minimal indicia of reliability accompany a hearsay statement." *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993).

Henderson contends that his mother's hearsay statements were unaccompanied by minimal indicia of reliability because they lacked any extrinsic corroboration, *see United States v. Egge*, 223 F.3d 1128, 1132–33 (9th Cir. 2000); *United States v. Ponce*, 51 F.3d 820, 828 (9th Cir. 1995), and concerned an incident that occurred thirty years ago. He also argues that the foster care incident was demonstrably made the basis for the sentence.

We conclude that F.H.'s statements were sufficiently reliable to be credited for general sentencing purposes, and therefore we need not decide whether the foster care incident was demonstrably made the basis for the sentence. Unlike the hearsay declarants in *Ponce* and *Egge*, F.H. is not a co-defendant or person who aided the defendant's illegal activity. We can discern no improper motive behind

3

F.H.'s statements, nor does Henderson suggest that one existed. To the contrary, the record reflects that F.H.'s statements were against her interest. As the district court noted, Henderson and his mother have a meaningful relationship, and he lived with her and assisted in caring for her prior to his arrest. Thus, minimal indicia of reliability accompanied F.H.'s statements.

That the foster care incident occurred thirty years ago does not render F.H.'s statements unreliable. Presentence investigation reports routinely rely on family interviews to glean information about a defendant's history and characteristics for purposes of section 3553(a)(1). Reliance on such information, even when unfavorable to the defendant, does not run afoul of due process merely because of the passage of time.

AFFIRMED.