# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JARED VANDERWERFHORST, also
known as Jared Vandewerfhorst,
        *Defendant-Appellant.*

No. 07-30336

D.C. No.
CR-06-00392-RSM

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted
January 23, 2009—Seattle, Washington

Filed August 6, 2009

Before: Robert R. Beezer, Richard C. Tallman, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Tallman

10551

**COUNSEL**

Paula Semmes Deutsch (argued), Corey Endo, Federal Public Defender's Office, Seattle, Washington, for defendant-appellant Jared Vanderwerfhorst.

Vincent T. Lombardi (argued), Jeffrey C. Sullivan, Office of the United States Attorney, Seattle, Washington, for plaintiff-appellee United States of America.

**OPINION**

TALLMAN, Circuit Judge:

We are once again asked to review the sentencing procedure where the underlying crime itself is not at issue. Jared Vanderwerfhorst, a convicted sex offender, pled guilty to one count of possession of child pornography, in violation of 18

U.S.C. § 2252(a)(4)(B) and (b)(2). On appeal, he contends that the district court violated the notice requirement of Federal Rule of Criminal Procedure 32(h) when the court imposed a sentence above the advisory range set forth by the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G."). He also claims the court committed procedural error by relying upon unreliable information and assumptions and by failing to adequately explain the sentencing determination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject Vanderwerfhorst's arguments and affirm.

# I

Based on information gathered through an ongoing federal investigation that tracked customers of a known child pornography website, federal agents obtained a search warrant for Vanderwerfhorst's residence in Washington state.[1] During the operational planning stages leading up to the execution of the warrant, agents learned that Vanderwerfhorst was also the subject of a state investigation in an unrelated child molestation case.

On October 17, 2006, federal agents and local law enforcement officers executed the warrant. During the search of the premises, agents discovered components of a dismantled personal computer. Notably, the hard drive and the central processing unit were missing and never located. Agents also found numerous suggestively labeled diskettes that had been pried open and purposefully damaged so as to render them unreadable.[2] The search, however, did result in the seizure of

---

[1]In February 2006, Vanderwerfhorst attempted to purchase a subscription to a commercial, subscription-based child pornography website. As part of the registration process, Vanderwerfhorst provided his name, home address, telephone number, e-mail address, and credit card information.

[2]These disks had handwritten labels that plainly indicated illicit sexual content—e.g., labels using sexually graphic language and the initials "mb," which is an acronym for "man-boy" in child pornography vernacular.

several operational disks. Upon examination, one of these disks contained several graphic images depicting young children, many prepubescent, engaged in various explicit sexual acts, including intercourse, with adults or other minors.[3]

Vanderwerfhorst was arrested and indicted on multiple counts. The parties entered a written plea agreement in which Vanderwerfhorst agreed to plead guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), in exchange for dismissal of the remaining charges. Vanderwerfhorst acknowledged his understanding that the possession offense carried a mandatory statutory range of 10 to 20 years imprisonment, that the Guidelines were merely advisory, and that the court "may impose any sentence authorized by law, up to the maximum term authorized by law." As part of the plea agreement, Vanderwerfhorst also admitted that before the date agents searched his home he intentionally destroyed his personal computer and various floppy disks, which contained additional contraband images of child pornography.

The U.S. Probation Office prepared a Presentence Report ("PSR"), which recounted the details of the present offense and Vanderwerfhorst's background, including his criminal history, past substance abuse issues, and other factors relevant to sentencing. Investigation revealed that in 1999, at age 18, he was arrested and later convicted in Washington state court for the sexually motivated kidnapping and assault of a minor. Vanderwerfhorst had lured his employer's 11-year-old son into his truck and drove him into the woods with the intent of molesting him. When the boy resisted, Vanderwerfhorst physically beat him severely enough that the child lost consciousness.

---

[3]The examined disks also contained a myriad of "link files"—which are shortcut files that access information stored in another location—referencing image files stored in the "My Pictures" folder of a computer hard drive. The file names clearly suggested child pornography.

As a result of the violent felony offenses, Vanderwerfhorst underwent a sexual deviancy evaluation. He admitted to having had troubled thoughts of sexual contact with boys between the ages of 11 and 14 since he was about that age and to engaging in a pattern of sexually deviant behavior, which included bestiality on dozens of occasions. Evaluators did not view Vanderwerfhorst as a suitable candidate for outpatient treatment under Washington's Special Sex Offender Sentencing Alternative in light of the nature of his offense, a perceived problem with impulse control, and the significant risk that he would act out physically and sexually. Vanderwerfhorst served 41 months on the state conviction.

After serving his state prison term, Vanderwerfhorst performed poorly during his community supervision period. He repeatedly violated the terms of his supervised release and was sanctioned time and again, including:

- 30 days in custody for using marijuana and cocaine, and consuming alcohol;

- 45 days in custody for possessing alcohol, failing to submit to a polygraph, and being outside a geographical boundary;

- 42 days in custody for giving a gift to a minor, being outside a geographical boundary, frequenting places minors are known to congregate, engaging in prolonged contact with a minor, and failing to report;

- 14 days in custody for consuming alcohol;

- 60 days in custody for unsupervised contact with a minor;

- 56 days in custody for accessing pornography on the Internet; and

- daily reporting and community service for having unsupervised contact with a minor.

Moreover, while still on supervised release, Vanderwerfhorst was separately charged and convicted of theft in the third degree.

Vanderwerfhorst's supervision term for kidnapping and assault terminated on December 27, 2005. Less than two months later Vanderwerfhorst attempted to subscribe to the child pornography website under investigation by federal agents, which ultimately led to this federal conviction.

The PSR also identified additional instances of Vanderwerfhorst's suspected misconduct in relation to children, including the ongoing state molestation investigation. On September 18, 2006, just weeks before officers executed the federal warrant and searched his home, the mother of Vanderwerfhorst's two children had filed a police report alleging that he had sexually molested their 3-year-old son. A sexual assault examination of the boy confirmed "a high likelihood that this child was sexually abused." At the time of the federal sentencing, the state investigation into these allegations was ongoing.

The PSR proposed a Guidelines sentence of 120 months, the statutory minimum.[4] But, based on the available information, the Probation Office concluded that Vanderwerfhorst poses "a danger to the community" and that the "risk of recidivism appears likely without serious intervention."

Sentencing took place on September 7, 2007, before the Honorable Ricardo S. Martinez. Vanderwerfhorst, through counsel, acknowledged that he "has a sickness" but neverthe-

---

[4]The advisory Guidelines range of imprisonment was 78 to 97 months, below the 10-year minimum term required by statute. 18 U.S.C. § 2252(b)(2). Accordingly, the PSR recommended a sentencing range of 120 months. *See* U.S.S.G. § 5C1.1(f).

less requested the minimum possible sentence, 120 months. The Government, by contrast, advocated for a longer sentence, offering two primary reasons. First, the Government cited to Vanderwerfhorst's admitted intentional destruction of additional child pornography images prior to the search of his residence—conduct that directly affected the calculation of the Guidelines range. The Government maintained that Vanderwerfhorst was aware of the pending state investigation and engaged in a systematic attempt to destroy evidence before officers could search his residence. Second, the Government relied upon Vanderwerfhorst's troubling history and background, which indicated that he posed a substantial public threat given the strong likelihood he would continue to re-offend.

After considering the information contained in the PSR (to which Vanderwerfhorst did not file any objections), the advisory Guidelines, and the parties' arguments, the district court concluded:

> The Court has looked very carefully at all of the sentencing factors that apply here. The Court has looked at all the 3553A factors specifically. Protection of the public is always paramount when you have someone that engages in predatory sexual behavior, especially of minors. It is huge in this particular case. Even while on direct supervision by [the Washington Department of Corrections] he had violation after violation after violation. In other words, as many studies have shown, it is very difficult, if not impossible, for him to control what he does and his urges.

"Taking all of that into account," Judge Martinez imposed an above-Guidelines sentence of 168 months, to be followed by a lifetime of supervised release, and recommended participation in an intensive sexual deviancy program and treatment for drug and alcohol abuse.

Vanderwerfhorst timely appealed the sentencing determination.

## II

Because Vanderwerfhorst failed to preserve his objections before the district court, we review his claims under the plain error standard. *United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

**[1]** We reject Vanderwerfhorst's contention that his failure to object at the sentencing phase should be excused in this case and that he should not be required to demonstrate plain error on appeal. Vanderwerfhorst cites authority from the Sixth Circuit, which has created a rule requiring that district courts invite new objections after announcing the sentence but prior to adjourning a sentencing hearing, before plain error review will apply. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004); *see also United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007); *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006) ("A district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised."). We have never adopted such a requirement and reject it here.

**[2]** Having closely examined the record, we are satisfied that defense counsel had sufficient notice of the grounds for the above-Guidelines sentence and a fair opportunity to raise any objections before the conclusion of the sentencing hearing but failed to do so. *See* FED. R. CRIM. P. 51(b). Therefore, we review for plain error.

### III

**[3]** Vanderwerfhorst first argues that the district court violated Federal Rule of Criminal Procedure 32(h) by failing to provide adequate notice that the court intended to impose a sentence above the Guidelines range. The Rule states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating departure.

FED. R. CRIM. P. 32(h). As the Supreme Court made clear in *Irizarry v. United States*, 128 S. Ct. 2198 (2008), Rule 32(h) is strictly limited to its text and only requires prior notice to the parties for sentencing departures. *See United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009).

**[4]** Here, Vanderwerfhorst's 168-month sentence provides a clear example of a "variance" from—and not a "departure" within—the Guidelines scheme. *See id.*; *United States v. Autery*, 555 F.3d 864, 872 n.7 (9th Cir. 2009). The PSR made this distinction, identifying Vanderwerfhorst's prior sex offense involving a minor, his remarkably poor performance on supervised release, a record of confirmed sexually deviant behavior, and the strong likelihood that he would re-offend as "factors that may warrant a sentence outside of the guideline system." During the sentencing hearing, the district court likewise recognized a distinction between "departures" and "variances." Judge Martinez then calculated the advisory Guidelines range before describing the process as an "academic exercise" and turning his focus to the § 3553(a) factors unique to Vanderwerfhorst. He imposed sentence, indicating that, given the uncontested history and characteristics of this defendant—namely, the grave threat Vanderwerfhorst posed

to children and society at large—the desire to protect the public was of paramount concern in this particular case. *See* 18 U.S.C. § 3553(a)(1), (2).

**[5]** Because the sentence was a "variance" under § 3553(a), Rule 32(h) does not apply. We therefore reject Vanderwerfhorst's claim that the district court erred when it imposed an above-Guidelines sentence.[5] *See United States v. Orlando*, 553 F.3d 1235, 1237 (9th Cir. 2009).

## IV

**[6]** Vanderwerfhorst next argues that the district court violated his due process rights by improperly relying upon unreliable information or assumptions in fashioning the sentence. At the outset, we acknowledge that the district court may consider a wide variety of information at sentencing that could not otherwise be considered at trial, *see* 18 U.S.C. § 3661,[6] and is not bound by the rules of evidence, *see* FED. R. EVID. 1101(d)(3). "[A] sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come.' " *Nichols v. United States*, 511 U.S. 738, 747 (1994) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)); *accord United States v. Showalter*, 569 F.3d 1150, 1159 (9th Cir. 2009). "[H]earsay evidence of unproved criminal activity not passed on by a court," for example, "may be considered in sentencing." *Farrow v. United States*, 580 F.2d 1339, 1360

---

[5]Even so, the grounds for the enhanced sentence were laid out in the PSR and discussed by the parties' sentencing materials. Vanderwerfhorst cannot credibly argue that he was deprived fair warning of the aggravating factors that might support a high sentence. Accordingly, even if Rule 32(h) applied, it would not require the district court to provide additional notice in the instant case.

[6]Section 3661 states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

(9th Cir. 1978); *see also United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000) (holding that the district court may rely on an uncontroverted PSR to establish the factual basis for a sentencing enhancement). To succeed on his due process claim, Vanderwerfhorst "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984) (internal quotation marks omitted). Challenged information is deemed false or unreliable if it lacks "some minimal indicium of reliability beyond mere allegation." *Id.*

**[7]** We find that Vanderwerfhorst fails to meet his burden with regard to the disputed information. In *United States v. Kimball*, 975 F.2d 563 (9th Cir. 1992), we rejected a defendant's due process claim based on the simple allegation that the prosecution's evidence was false. *Id.* at 567 ("One cannot allege that 'there are mistakes and then stand mute without showing why they are mistakes.' " (quoting *United States v. Roberson*, 896 F.2d 388, 391 (1990)). Here, Vanderwerfhorst has provided even less. He sat idly without disputing the overwhelming aggravating evidence presented to the sentencing judge, and only now on appeal asserts that *some* information was unreliable without challenging its veracity.

**[8]** First, the district court did not rely on false or unreliable information when it referenced additional allegations of sexual misconduct with minors noted in the PSR—i.e., a prior investigation regarding Vanderwerfhorst's relationship with a 10-year-old boy and the ongoing police investigation into accusations that he had molested his own 3-year-old son. After recounting Vanderwerfhorst's prior criminal offenses and numerous supervised release violations (many of which involved improper contact with minors), the district court commented that similar allegations continue to "swirl around him." The observation of this uncontested fact is readily distinguishable from sentencing Vanderwerfhorst based on an assumption that he in fact committed the predicate acts. For

this reason, *United States v. Juwa*, 508 F.3d 694 (2d Cir. 2007), the principal case upon which Vanderwerfhorst relies, is inapplicable. *Id.* at 698 (finding procedural error where the district court, over defense counsel's objection, enhanced the defendant's sentence based on the uncorroborated assumption that he had sexually abused a minor "on repeated occasions," where the defendant pled guilty to only a single instance of felony sexual abuse). Noting the existence of other criminal investigations does not implicate Vanderwerfhorst's due process rights.

**[9]** Second, the district court did not guess, as Vanderwerfhorst alleges, as to the number of contraband images he actually possessed. Vanderwerfhorst admitted destroying additional images depicting child pornography, which, according to the Government, was prompted by his awareness of the state investigation. Based on the evidence before him, Judge Martinez merely remarked that "it could easily be that this defendant had hundreds, if not thousands, of other prohibited images on his computer[ ] as well." By mentioning the unknown number of contraband images destroyed, the district court recognized that Vanderwerfhorst's purposeful destruction of evidence depressed the advisory Guidelines range calculation, which is heavily influenced by the quantity of images and the nature of the depictions. *See* U.S.S.G. § 2G2.2(b)(7). The court did not attempt to reach any conclusion, and, in any event, the record is quite clear that Judge Martinez did not sentence Vanderwerfhorst based on a speculative number of unlawful images he might have possessed. It was the application of the § 3553(a) factors in light of Vanderwerfhorst's sordid past and perceived future danger that supported the sentence.

**[10]** Third, Vanderwerfhorst argues that the district court wrongly considered his refusal to release information from his state psychosexual evaluation and assumed that the information "was not positive for this defendant." Vanderwerfhorst has acknowledged that he has a "sickness" involving troubled

sexual thoughts about young boys, which has led him to engage in a pattern of exploitative behavior toward minors. Read in context, we believe that the district court made this offhand reference regarding the unavailability of these psychosexual records to emphasize the complete lack of evidence showing rehabilitation and Vanderwerfhorst's inability to contradict or mitigate the compelling reasons for a lengthy sentence. Indeed, Judge Martinez stated: "The Court has no sense that [Vanderwerfhorst] can truly control his urges. Nothing in his past has shown that to be the case." Unfounded speculation regarding the contents of these unavailable reports did not form the basis of the sentence variance.

**[11]** In sum, Vanderwerfhorst has not shown that his 168-month sentence was demonstrably based on false or unreliable information. As previously noted, the court imposed a sentence that it deemed reasonable based on the undisputed conclusion that Vanderwerfhorst posed a danger to society and, in particular, a grave risk to children—i.e., not due to any one specific piece of information or assumption. Therefore, even were we to interpret the record in a manner to find error, any such error would be harmless under the weight of the aggravating evidence present in the instant case, and would thus fall well short of the plain error standard.

## V

**[12]** Finally, we reject Vanderwerfhorst's remaining argument that the district court committed procedural error by failing to explain the basis for the above-Guidelines sentence. His contention is predicated on the flawed premise that the only reliable information supporting the sentence was his prior state felony convictions for kidnapping and assault of a minor with sexual motivation—a factor he claims was fully accounted for by the Guidelines and the sentencing statute. Vanderwerfhorst ignores the district court's broad discretion following *United States v. Booker*, 543 U.S. 220 (2005), which permits judges to consider a wide range of information

at the sentencing phase—not merely prior criminal convictions. *See* 18 U.S.C. § 3661. Here, the nature and seriousness of Vanderwerfhorst's prior state felonies, coupled with his repeated sanctions for violating the terms of supervised release, evidence of his ongoing sexually deviant predilections, and the likelihood that he would re-offend—factors not necessarily accounted for in the advisory Guidelines calculation or the statute—weighed heavily in the sentencing judge's mind.[7]

Having identified the fundamental flaw in Vanderwerfhorst's sentencing argument, we briefly note in passing that the district court here discussed at length its reasons for a longer sentence and imposed a prison term that was above the 10-year statutory minimum but also significantly below the 20-year statutory maximum. The court acknowledged the § 3553(a) factors and reasoned that the sentence was needed to protect the public from Vanderwerfhorst's sexually predatory behavior and the significant risk he posed to children. The district court "adequately explain[ed] the chosen sentence to allow for meaningful review and [to] promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). Simply because Vanderwerfhorst disagrees with this determination does not mean the district court failed to adequately set forth the basis for its sentence.[8]

## VI

---

[7]The argument suffers another fatal flaw. The mandatory statutory sentence of 18 U.S.C. § 2252(b)(2) is triggered by a prior conviction for a range of crimes far less violent and intrusive than that committed by Vanderwerfhorst. For instance, a defendant with a prior conviction for the simple possession of child pornography would be subject to the same 10-year minimum sentence.

[8]Vanderwerfhorst's procedural challenge, to some degree, suggests a challenge to substantive unreasonableness—an argument that he has not raised on this appeal and which we therefore do not address. *See Mendoza v. Block*, 27 F.3d 1357, 1363 (9th Cir. 1994) ("Failure to raise an issue on appeal results in waiver of that issue.").

Vanderwerfhorst's challenges to the sentencing determination provide him no grounds for relief.

**AFFIRMED.**