**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10523 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00085-FCD |
| v. | |
| DANIEL JAMES O'NEIL, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Daniel James O'Neil, Jr., appeals from the district court's judgment and

challenges the 78-month sentence and several conditions of supervised release

imposed following his guilty-plea conviction for possession of one or more matters

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

containing a depiction of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). We dismiss in part and vacate and remand in part.

The government argues that this appeal is barred by an appeal waiver in the parties' plea agreement. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

O'Neil's contention that the government waived its right to assert the appeal waiver fails because the government raised the appeal waiver in its answering brief. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011). O'Neil's contention that the appeal waiver does not encompass the supervised release conditions is also without merit. *See Watson*, 582 F.3d at 986 (waiver of right to appeal "any aspect" of the sentence unambiguously includes conditions of supervised release).

O'Neil also argues that the appeal waiver is unenforceable because his sentence is unconstitutional in that it was based on erroneous and inaccurate facts. We disagree. The record reflects that O'Neil was sentenced consistently with the requirements of due process. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (to establish due process violation at sentencing, defendant must show that his sentence was "demonstrably" based on false or unreliable information).

Finally, O'Neil contends that special condition of supervision number eight violates his fundamental right to procreate and raise children. Because the record suggests that the district court did not intend for special condition of supervision number eight to apply to O'Neil's children, we adopt a narrowing construction of that condition to exempt his children, thereby ensuring that the condition does not impinge on his fundamental right to familial association. *See United States v. Wolf Child*, 699 F.3d 1082, 1095 n.3 (9th Cir. 2012). We remand to the district court with instructions to modify the condition to conform to our narrow construction.

We dismiss the remainder of the appeal as barred by the appeal waiver.

**DISMISSED in part; VACATED in part and REMANDED with instructions.**