**NOT FOR PUBLICATION**

# FILED



JUL 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10334 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-01297-DCB-CRP-1 |
| v. | |
| JOSE FRANCISCO GARCIA-CORONADO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 6, 2016[**]
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and ZOUHARY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Plaintiff Jose Francisco Garcia-Coronado was found guilty of possession with intent to distribute 968 kilograms of marijuana. The district court imposed a sentence at the bottom of the guidelines range. He appeals, arguing the court erred in admitting at trial the address of Elizabeth Sanchez, the owner of the tractor-trailer used to transport the marijuana, and in considering at sentencing information in the pre-sentence report ("PSR") that was not adduced at trial. The district court did not abuse its discretion in either instance. We affirm.

1. The district court did not err in admitting Sanchez's address into evidence. Garcia-Coronado's knowledge of the marijuana hidden in the trailer was an element of the offense. He advanced a "no knowledge" defense at trial and further testified he did not know Sanchez, the registered owner of the tractor-trailer. Garcia-Coronado placed his credibility at issue by framing his defense in this way, and "[e]vidence is relevant to a matter of consequence to the determination of the case if it has a mere tendency to impeach a witness' credibility . . . ." *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000). The proximity of Garcia-Coronado's home to Sanchez's home in San Diego -- 1.4 miles at the time of his arrest and 364 feet at the time of his first trial -- tends to impeach his credibility, particularly in light of the fact that the trucking company was located over 100 miles away in Moreno Valley.

Moreover, even if the district court erred in admitting Sanchez's address, the error was harmless in light of the other strong evidence of Garcia-Coronado's guilt, including the amount of marijuana transported, the implausibility of the explanations for his employment with the trucking company, his previous trips to Nogales and the discrepancies in his trip log. *See United States v. Lui*, 941 F.2d 844, 848 (9th Cir. 1991).

2. The district court did not err in considering a paragraph of the PSR noting the drug-trafficking connotations of the Ferrari logo and Santa Muerte charm found in Garcia-Coronado's possession. A sentencing court "may consider a wide variety of information . . . that could not otherwise be considered at trial," and it is "largely unlimited as to the kind of information [it] may consider, or the source from which it may come." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) (internal quotation marks and citation omitted). The defendant bears the burden of proving the evidence is inaccurate. *Id.* at 935–36.

Garcia-Coronado did not object to the paragraph on the grounds it was factually incorrect, but rather argued the court should not draw any drug-trafficking inferences. The court in turn allowed Garcia-Coronado to offer his alternative, innocent explanation for the logo and charm.

3

Finally, the court did not treat the paragraph as a bar to a downward variance from the sentencing guidelines. In fact, it invited Garcia-Coronado to provide additional information to support a downward variance, but Garcia-Coronado did not do so. The court then concluded it could not identify any basis upon which to vary from the guidelines. Accordingly, to the extent the court may have considered the paragraph in imposing a guidelines sentence, it did not abuse its discretion.

**AFFIRMED.**