

FILED

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50059 |
| Plaintiff-Appellee, | 16-50066 |
| v. | D.C. No. 3:15-cr-01303-LAB |
| KANNIS BETANCOURT; DULCE GIANNA MEDSENIA BRITO, | MEMORANDUM[*] |
| Defendants-Appellants, | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

In these companion appeals, Kannis Betancourt and Dulce Gianna Medsenia

Brito appeal the 36-month sentences imposed following their guilty-plea

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

convictions for making false statements to federal officers, in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants contend that the district court violated their due process rights by failing to apply the clear and convincing standard of proof to its finding that they knew there were drugs in the car. This argument fails because the record reflects that the court expressly declined to find that the defendants knowingly imported drugs. Instead, the court stated that it was foreseeable to both appellants, based on their admitted belief that they were smuggling drug proceeds, that the car might contain drugs. Contrary to appellants' argument, this was a reasonable inference from the record, given their admissions and the circumstances of the offense. Thus, the court did not violate appellants' due process rights in imposing their sentences. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (due process violated only when the sentencing court relies on evidence that "lacks some minimal indicium of reliability" (internal quotations omitted)).

Moreover, the court's remaining inferences, including that appellants were likely attempting to avoid detection when crossing the border, were not clearly erroneous, given their admissions regarding the purpose of their crossing. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Finally, appellants contend that their sentences are substantively unreasonable. The district court did not abuse its discretion in imposing the above-Guidelines sentences in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the appellants' admission that they committed the offense in the course of their work on behalf of a drug-trafficking organization. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**