**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10163 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00126-DAD |
| v. | MEMORANDUM[*] |
| SHANE PAUL YOUNG, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Shane Paul Young appeals from the district court's judgment and challenges

the 360-month sentence imposed following his jury-trial conviction for receipt or

distribution of a visual depiction of a minor engaged in sexually explicit conduct,

in violation of 18 U.S.C. § 2252(a)(2).  We have jurisdiction under 28 U.S.C.

§ 1291, and we vacate the restitution order and remand.  We affirm in all other

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

respects.

Young first contends that the district court procedurally erred by failing to appreciate its discretion to vary from the Guidelines on policy grounds under *Kimbrough v. United States*, 552 U.S. 85 (2007). The record reflects that the court appreciated its discretion to vary below the Guidelines, but elected not to do so. Given that Young did not raise a *Kimbrough* argument in the district court, we find no error in the court's failure to mention *Kimbrough* specifically.

Young next contends that the district court based its sentence on unreliable information concerning a photo studio in Young's attic, and on the unsupported finding that Young had cognitive problems that he could not control. The district court expressed concern about the presence of the photo studio, but acknowledged that there was no evidence suggesting that Young used the studio to produce pornographic images. It also stated that it would impose the same sentence even if it did not consider the studio. The district court's observations about Young's cognitive limitations were supported by the record, reflecting the observations of Young's counsel. On this record, Young's due process rights were not violated. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

Young next argues that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing the low-end sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively

reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Young's criminal history. *See Gall*, 552 U.S. at 51.

Finally, Young challenges the district court's restitution order. The government concedes, and we agree, that the restitution order must be vacated because the court did not disaggregate "the losses . . . caused by the original abuse" and "the losses caused by the ongoing distribution and possession of images of that original abuse." *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015). We vacate the restitution order and remand for the district court to enter a restitution order consistent with *Galan*.

**AFFIRMED IN PART; VACATED and REMANDED IN PART.**