NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30307 |
| Plaintiff-Appellee, | D.C. No. 1:09-cr-00287-BLW |
| v. | |
| SETH ANTHONY JOHNSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Seth Anthony Johnson appeals from the district court's judgment and

challenges the sentence of 12 months and one day imposed upon revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Johnson contends that his due process rights were violated by the district

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

court's consideration of his probation officer's unreliable hearsay testimony at sentencing concerning his alleged possession of child pornography in 2013. Contrary to Johnson's claim, his probation officer did not testify that Johnson possessed child pornography. Rather, he accurately reported that, in a prior revocation proceeding, Johnson was alleged to have been in possession of child pornography after officers viewed "suspected" child pornography on his cell phone. The probation officer also made clear that the possession allegation was dismissed. Even assuming these statements contained hearsay, Johnson has not shown that the statements were false or unreliable and the district court did not violate Johnson's due process rights by considering them. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

Johnson also argues that the sentence is substantively unreasonable because the district court relied too heavily on his original crime in imposing it. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record does not support Johnson's contention that the district court overemphasized his original crime, and the within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Johnson's multiple breaches of the court's trust and the threat he poses to the public. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**

16-30307