**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30359 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00485-SI-1 |
| v. | |
| JON MICHAEL HARDER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 5, 2017
Portland, Oregon

Before:  TASHIMA, GOULD and RAWLINSON, Circuit Judges.

Appellant Jon Michael Harder appeals his sentence for mail fraud and

money laundering imposed pursuant to a guilty plea agreement.  The plea

agreement provided for the district court to hold an evidentiary hearing to

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

determine the scope of the scheme to defraud and other issues related to relevant conduct for sentencing purposes only.

Harder now contends that the district court's finding of intent to defraud all investors was clearly erroneous because the evidence did not establish that the scheme to defraud extended beyond the counts of conviction. Harder also argues that the district court's reading of investor emails was a violation of his due process rights, unduly prejudicing the factfinding process, and that the government's solicitation of the letters undermined the integrity of his plea agreement with Harder.

Harder's contentions of clear error are not borne out by the record. The district court judge held an extensive evidentiary hearing before reaching its conclusion regarding the scope of Harder's scheme to defraud. Considerable testimony was presented to the district court contradicting the testimony of in-house counsel seeking to exonerate Harder, including that Harder continued to comingle intercompany funds despite assurances to investors that no such activity would transpire.

Harder also asserts that the trial judge improperly discounted Harder's testimony that he instructed employees to "do it right." However, the trial judge heard from an employee and an investigator that Harder's "sales pitch" assured

2

potential investors of the financial solvency of Harder's company and the integrity of each investment, despite being aware of the substantial risk of default. Because the district court's findings of fact as to Harder's intent to defraud are plausible and supported by reasonable inferences drawn from the record, its factual findings were not clearly erroneous. *See United States v. Kaplan*, 839 F.3d 795, 804 (9th Cir. 2016) (reviewing findings of fact for clear error).

Harder has failed to demonstrate that his sentence was unfairly prejudiced by the trial court's perusal of investor emails. "To prevail on a due process claim, [Harder] must demonstrate that his sentence was based on false or unreliable information. . . ." *United States v. Reyes*, 772 F.3d 1152, 1159 (9th Cir. 2014) (citation and internal quotation marks omitted). "A sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come. . . " *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011) (citations omitted). Nothing in the district court's conclusions relies on the investors' emails, as opposed to the ample testimony presented during the evidentiary hearing. Harder has thus failed to demonstrate any due process violation. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 936 (9th Cir. 2009) (rejecting a due process claim where defendant failed to show trial court's reliance on false information).

Finally, there was nothing improper about the prosecutor soliciting letters from the victims. Under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, "crime victims have the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." *United States v. Burkholder*, 590 F.3d 1071, 1074 (9th Cir. 2010) (citation, internal quotation marks and alterations omitted). The CVRA also provides victims "[t]he reasonable right to confer with the attorney for the Government in the case." 18 U.S.C. § 3771(5).

**AFFIRMED.**