NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. STEVEN NEIL HOPPER, Defendant-Appellant. | No. 17-30194 D.C. No. 1:17-cr-00044-SPW-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 27, 2018[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Steven Neil Hopper challenges the 70-month sentence imposed following his guilty-plea conviction for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Hopper argues that it was error to apply the four-level enhancement under U.S.S.G. § 2K2.1(b)(1)(B) because he did not possess eight or more firearms. The government sought to prove that, in addition to the two firearms underlying his conviction, Hopper constructively possessed six other firearms, which he offered to sell to a special agent, who was working undercover. Although Hopper contended that the firearms belonged to another individual and he never actually intended to sell them to the undercover agent, Hopper did not dispute the existence of the firearms themselves before the district court. The description of the firearms that Hopper gave the undercover agent was consistent with the description Hopper had given to another confidential source to whom he had also offered to sell the firearms. And, Hopper was found with ammunition matching several of the described firearms.

Reviewing for clear error, s*ee United States v. Nungaray*, 697 F.3d 1114, 1116 (9th Cir. 2012), these facts support a finding that Hopper had "knowledge of the [firearms] and the power and intent to exercise control over them." *See United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011); *see also Nungaray*, 697 F.3d at 1116–17 (affirming finding of constructive possession where defendant initiated contact with buyer, negotiated price, directed delivery and sale location, and took payment for firearms).

Nor did due process preclude reliance on testimony regarding the confidential source's statements or further examination of Special Agent Cook and Officer Feuerstein during the sentencing hearing. The district court had discretion to rely on hearsay evidence and examine witnesses in connection with sentencing. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) ("[T]he district court may consider a wide variety of information at sentencing that could not otherwise be considered at trial and is not bound by the rules of evidence." (internal citations omitted)); *United States v. Alfaro*, 336 F.3d 876, 883 (9th Cir. 2003) (explaining district court may call and examine witnesses). Hopper has not shown that the confidential source's statements lacked any indicia of reliability, *see United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993), or that the district court failed to remain impartial and disinterested, *see Alfaro*, 336 F.3d at 883–84.

**AFFIRMED.**