**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50168 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02077-BEN |
| v. | |
| GLORIA SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Gloria Sanchez appeals from the district court's judgment and challenges the

87-month sentence imposed following her guilty-plea conviction for importation of

methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court procedurally erred by failing to consider all of the factors relevant to the minor role reduction pursuant to U.S.S.G. § 3B1.2, focusing solely on Sanchez's knowledge of the scope and structure of the criminal activity. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170-71 (9th Cir. 2017) (en banc). Although the district court did not discuss all of the factors listed in the commentary to the minor role Guideline, the record shows that the court was aware of and considered those factors. *See United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018). Moreover, in light of the totality of the circumstances, including that Sanchez had smuggled drugs across the border on two prior occasions and was also involved in transporting vehicles for the organization, the district court did not abuse its discretion in denying the reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

Sanchez next argues the district court erred by departing downward in offense level, rather than in criminal history category, after it concluded that Sanchez's criminal history category overrepresented her criminal history. Any error was harmless. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). As Sanchez concedes, the reduction in offense level resulted in the same Guidelines range that would have applied had the district court instead reduced her criminal history category. Sanchez's contention, raised for the first time on appeal,

17-50168

that the court's decision not reduce her criminal history category could prejudice her in a future supervised release revocation proceeding is entirely speculative; if Sanchez faces revocation in the future, she may argue for a lower criminal history category at that time. *See* U.S.S.G. § 7B1.4 cmt. n.2.

Finally, Sanchez contends that the district court violated Federal Rule of Criminal Procedure 32 and due process by considering the facts of another defendant's case. This claim fails. The district court described the relevant facts of the other case and gave counsel an opportunity to comment. *See United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008) (describing Rule 32's requirements). In addition, Sanchez has not established that the information regarding the other case "demonstrably made the basis for [her] sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

**AFFIRMED.**

17-50168