NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50125 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00082-JLS-1 |
| v. | |
| JOHNNY MORALES CASTRO, AKA Heist, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 11, 2018
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Johnny Castro appeals the supervised release conditions imposed by the

district court as part of his sentence for being a felon in possession of ammunition,

18 U.S.C. § 922(g)(1). We have jurisdiction under 18 U.S.C. § 3742 and 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

U.S.C. § 1291.  Reviewing for abuse of discretion, *see United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011), we affirm.

1.  Castro argues that the district court's imposition of gang-association conditions of release was based on insufficiently reliable or false evidence. Contrary to his assumption, the district court did not find that he had been a gang member, and an officer's alleged statement to the contrary was not "the sole basis" for the district court's determination that he had "ties to the Middleside Street gang."  Castro himself acknowledged such ties when he represented that he "lived in an area that has such gangs and/or has family members or friends/acquaintances who are members of a gang."  Castro's own admission provides "some minimal indicium of reliability beyond mere allegation," and the district court was entitled to rely on it.  *United States v. Reyes*, 772 F.3d 1152, 1159 (9th Cir. 2014) (quoting *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009)).

2.  Castro also argues that the gang conditions are overbroad because they are not reasonably related to his offense or criminal history and because they involve a greater deprivation of liberty than is necessary.  "The supervised release conditions need not relate to the offense" so long as "they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation" and "involve no greater deprivation of liberty than is reasonably necessary."  *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) (internal quotation mark omitted) (quoting 18

2

U.S.C. § 3583(d)(2)).  Castro admitted that his crime resulted from his hanging around with a "bad crowd," and the district court properly sought "to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates."  *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).  The conditions are neither overbroad nor vague*, see, e.g.*, *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007) (per curiam), and are "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*."  *United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018) (quoting *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008)), *cert. denied*, 139 S. Ct. 133 (2018).

**AFFIRMED.**