**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10268 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00655-ROS-2 |
| v. | |
| MICHAEL VASQUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     CHRISTEN, COLLINS, and LEE, Circuit Judges.

Michael Vasquez appeals from the district court's order revoking supervised

release and imposing an 18-month sentence. We have jurisdiction under 28 U.S.C.

§ 1291 and 18 U.S.C. § 3742(a), and we affirm.

Vasquez contends that the district court violated his due process rights and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Criminal Procedure 32.1 by relying on the conduct underlying a dismissed allegation during sentencing after the magistrate judge assertedly assured Vasquez that the dismissed allegation would not impact his sentence. We disagree.[1] The court provided Vasquez with written notice of the alleged violations, properly revoked supervised release on the basis of the violation to which Vasquez admitted, and dismissed the remaining allegations. Contrary to Vasquez's assertion, the magistrate judge did not represent that the court would not consider relevant conduct when determining the sentence. To the extent Vasquez contends that his admission to a violation was not knowing or voluntary, *see United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997), the record belies this argument. Indeed, Vasquez's own sentencing papers reflected his understanding that the district court would be "in the best position to weigh the events of June 12"—*i.e.*, the conduct underlying the dismissed allegation—"in the totality of the circumstances." **(ER 13.)** The court's consideration of the dismissed allegation in the disposition report was permissible and did not deprive Vasquez of due process. *See* 18 U.S.C. § 3583(e) (instructing the court to consider certain 18 U.S.C. § 3553(a) sentencing factors in determining the revocation sentence); *United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (district court is "largely

---

[1] We need not resolve the parties' dispute as to the appropriate standard of review because our conclusion is the same under any standard.

unlimited as to the kind of information" it can consider at sentencing as long as the information contains some "minimal indicium of reliability" (internal quotations omitted)).

Vasquez also contends that his 18-month sentence is substantively unreasonable because the court assertedly placed undue emphasis on the seriousness of the criminal conduct described in a dismissed allegation in the disposition report, in violation of *United States v. Simtob*, 485 F.3d 1058 (9th Cir. 2007). The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). As we have stated, the court did not err by considering the conduct underlying the dismissed allegation and the record does not support the contention that the court imposed the sentence "solely, or even primarily" based on the severity of the conduct described in the dismissed allegation. *Simtob*, 485 F.3d at 1063. Rather, the court properly considered that conduct as a factor "contributing to the severity of [Vasquez's] breach of trust," as part of a "full review of [his] history and [his] likelihood of repeating that history." *Id*. The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. Contrary to Vasquez's suggestion, the record also reflects that the court considered Vasquez's mitigating facts and arguments.

**AFFIRMED.**

20-10268