**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-773 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-02748-JAH-1 Southern District of California, San Diego |
| v. | |
| ADAM JESUS JIMENEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted August 15, 2023**

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Adam Jesus Jimenez appeals from the district court's judgment and challenges the 9-month sentence, to be followed by 18 months of supervise release, imposed upon the second revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jimenez contends that the district court violated his right to due process and procedurally erred by basing the sentence on the unsupported assumption that he missed drug tests because he was using illegal drugs. Even assuming the court's conclusion was so lacking in reliability as to violate due process, however, it was not "demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (internal quotation marks omitted). Rather, the record reflects that the court imposed the nine-month sentence because Jimenez consistently failed to comply with the conditions of his supervision, beginning with a violation just two days after his release on the underlying offense and continuing through the instant violations.

Jimenez also argues that the sentence is substantively unreasonable because it is longer than his sentence for the original offense and a shorter sentence would have accomplished the goals of sentencing. The court did not abuse its discretion in imposing the within-Guidelines sentence, which is substantively reasonable under the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Jimenez's poor history on supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**