**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10351 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00229-GMN-BNW-1 |
| v. | |
| ERIC LONG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted December 6, 2023
Portland, Oregon

Before:  BERZON, NGUYEN, and MILLER, Circuit Judges.

Eric Long pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 24 months of imprisonment, to be followed by three years of supervised release. He appeals, challenging (1) the district court's application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using the firearm in connection

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

with a felony, (2) the substantive reasonableness of his sentence, and (3) the terms of a condition of supervised release requiring him to obtain mental-health treatment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part, and remand.

Where, as here, a defendant preserved a challenge to the application of a sentencing enhancement, we review the district court's factual findings for clear error. *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Autery,* 555 F.3d 864, 871 (9th Cir. 2009). Because Long did not challenge the mental-health treatment condition before the district court, we review the legality of that condition for plain error. *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022).

1. The parties dispute whether the government needed to prove that the four-level enhancement applied by a preponderance of the evidence or by clear and convincing evidence. *See United States v. Lucas*, 70 F.4th 1218, 1221 (9th Cir. 2023), *vacated and reh'g en banc granted*, 77 F.4th 1275 (9th Cir. 2023). We need not resolve that dispute because the district court did not clearly err in finding that the government met its burden under either standard.

The government introduced ample evidence that Long committed a felony—assault under Nevada law—including a written statement from his former neighbor

2

Dyeshune Hood, a recorded conversation between Hood and responding officers, and, in particular, a FaceTime recording that shows Long brandishing a handgun and advancing toward Hood. Contrary to Long's assertions, the district court did not err by considering Hood's "unsworn" statement and the "partial" FaceTime recording. "The Federal Rules of Evidence do not apply at a sentencing hearing," and Hood's statement was not unreliable simply because it was unsworn. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013); *see* Fed. R. Evid. 1101(d)(3); U.S.S.G. § 6A1.3(a). Although the FaceTime recording did not capture the entire interaction, its contents corroborated Hood's written statement and her testimony to police with regard to whether Long held a gun and advanced on her angrily. *See United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993), *amended*, 992 F.2d 1015 (9th Cir. 1993) (holding that presumptively unreliable evidence can become reliable when corroborated). Because corroborated statements are "sufficiently reliable even if such statements are self-serving and contrary to the testimony of the defendant," Latazsha Reese's conflicting statement also does not render either the FaceTime recording or Hood's statement unreliable. *United States v. Berry*, 258 F.3d 971, 977 (9th Cir. 2001); *see United States v. Jordan*, 256 F.3d 922, 933 (9th Cir. 2001) ("[W]e are not in a position to weigh conflicting evidence, which is an important responsibility of the district court."). Long therefore fails to establish that the district court relied on false or unreliable information. *See United*

*States v. Vanderwerfhorst*, 576 F.3d 929, 935–37 (9th Cir. 2009).

The district court's finding that Long committed assault is not clearly erroneous. As we have explained, the FaceTime recording and Hood's multiple statements support that finding, which the court noted was based on "all the information" in the record. Thus, despite Long's assertions, "the record and context make clear that the judge 'considered the evidence and arguments,'" *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 340 (2007)), such that she did not need to "directly address each and every one of [them]." *United States v. Rangel*, 697 F.3d 795, 806 (9th Cir. 2012).

2. Long's sentence is substantively reasonable. Long presented the district court with the same substantial medical concerns, family considerations, and criminal-history arguments that he repeats on appeal. The court considered those matters and the factors required under 18 U.S.C. § 3553(a) to impose a below-Guidelines sentence. We find no abuse of discretion.

3. The terms of Long's Mental Health Treatment Supervised Release Condition are identical to the terms of the mental-health treatment condition that we held unconstitutional in *Nishida*. 53 F.4th at 1155–56. We therefore vacate Long's Mental Health Treatment Supervised Release Condition and remand "so that the district court can clarify the scope of authority delegated to the probation

officer consistent with [that decision].” *Id*.

**AFFIRMED in part, VACATED in part, and REMANDED.**