NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

CHARLES WILLIAM BUNNELL II, AKA
Charles Bunnell II,

      Defendant - Appellant.

---

No. 23-1598

D.C. No.
2:14-cr-00119-DGC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

    Charles William Bunnell II appeals from the district court's judgment and

challenges the 36-month sentence imposed upon the second revocation of his

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument, *see* Fed. R. App. P. 34(a)(2), and we therefore deny
Bunnell's request for oral argument.

Bunnell contends the district court erred by considering the seriousness of his underlying offense, and by relying on inaccurate, prejudicial facts contained in a report. We need not resolve the parties' dispute as to the standard of review that applies to these claims because we conclude that the court did not err under any standard.

The record shows that the district court did not consider any impermissible factors. Rather, its discussion of the underlying offense was part of its proper consideration of Bunnell's overall criminal history and poor performance on supervised release. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Moreover, Bunnell's speculation that the district court may have relied on erroneous facts in a report is insufficient to undermine the sentence. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 937 (9th Cir. 2009) (defendant must show his sentence "was demonstrably based on false or unreliable information").

Finally, we disagree with Bunnell's assertion that this case must be remanded for the district court to clarify the basis for the sentence. The record makes clear the court relied only on permissible sentencing factors and reasonably determined that a 36-month sentence was warranted to protect the public, provide deterrence, and sanction Bunnell's breach of the court's trust. *See* 18 U.S.C. § 3583(e); *Simtob*, 485 F.3d at 1062-63.

**AFFIRMED**.