**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6564 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00010-DLC-2 |
| v. | |
| MARTIN TOPETE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 12, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Defendant Martin Topete pleaded guilty to conspiracy to distribute and

possess, with intent to distribute, a controlled substance (methamphetamine and

fentanyl), in violation of 21 U.S.C. § 846. We have jurisdiction under 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm in part and dismiss in part.

1. Reviewing de novo, United States v. Brooks, 772 F.3d 1161, 1167 (9th Cir. 2014), we hold that the district court did not violate the Confrontation Clause when it admitted hearsay testimony in the sentencing hearing, see United States v. Franklin, 18 F.4th 1105, 1114 (9th Cir. 2021) (holding that the Confrontation Clause and the rules of evidence do not apply at sentencing).

2. We review Defendant's due process challenge for plain error, because he did not raise this issue at sentencing. United States v. Vanderwerfhorst, 576 F.3d 929, 934 (9th Cir. 2009). Defendant argues that evidence from Trevor Handy, and Defendant's text-message exchanges with co-conspirators, were (1) false or unreliable, and (2) the basis for the sentence. See id. at 935–36 (describing requirements for this type of due process challenge). The challenged evidence was neither false nor unreliable, so this argument fails.

3. Defendant's remaining arguments are covered by his appeal waiver. He waived the right to appeal "any aspect of the sentence," which includes the application of enhancements.

**AFFIRMED IN PART and DISMISSED IN PART.**