**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50242 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00383-BEN |
| v. | |
| NOE GARCIA-LIMA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 15, 2018[**]

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Noe Garcia-Lima appeals from the district court's judgment and challenges the 48-month sentence and 3-year term of supervised release imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Lima contends that the district court procedurally erred by failing to respond to his non-frivolous mitigation arguments and sufficiently explain its substantial upward variance. The record reflects that the court considered and responded to Garcia-Lima's mitigation arguments at the sentencing hearing. The court made clear that, notwithstanding those arguments, it believed that an above-Guidelines sentence was warranted in light of Garcia-Lima's criminal and immigration history. In particular, the court noted that a sentence higher than Garcia-Lima's previous 41-month sentence for an immigration offense was warranted. The court also discussed the 18 U.S.C. § 3553(a) sentencing factors, noting in particular its concern for deterrence, respect for the law, and protection of the public. The court satisfied its procedural obligations. *See Rita v. United States,* 551 U.S. 338, 356-59 (2007); *United States v. Vanderwerfhorst*, 576 F.3d 929, 937-38 (9th Cir. 2009).

Garcia-Lima also contends that the district court procedurally erred by failing to consider the Guidelines' recommendation that no term of supervised release be imposed for a deportable alien. *See* U.S.S.G. § 5D1.1(c). The court did not plainly err. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). The record makes clear that, even if the court had explicitly acknowledged the Guidelines provision at issue, it would have imposed the same three-year term of supervised release given its concerns about Garcia-Lima's failure to be deterred

2

and the danger he poses to the public. *See* U.S.S.G. § 5D1.1 cmt. n.5; *Dallman*, 533 F.3d at 762 (no plain error where a defendant cannot a show "a reasonable probability that he would have received a different sentence" absent the alleged error).

    **AFFIRMED.**