**NOT FOR PUBLICATION**

**FILED**

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50435 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00414-SVW |
| v. | |
| AARON MCQUEEN, a.k.a. Michael Tyler, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Aaron McQueen appeals from the district court's judgment and challenges the 120-month sentence imposed following his guilty-plea conviction for bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a), 2(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

McQueen contends that the district court erred procedurally on several grounds. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court was not required to give advance notice of its intent to impose an upward variance. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 934-35 (9th Cir. 2009). Moreover, the district court did not plainly err by failing to invite argument specifically from the government under the circumstances of this case. *See United States v. Waknine*, 543 F.3d 546, 553-54 (9th Cir. 2008). And the record shows that any factual error by the court with respect to the date of McQueen's release from his previous prison term does not constitute plain error because it did not affect the sentence imposed. *See Vanderwerfhorst*, 576 F.3d at 937. Finally, the district court's explanation for the sentence, which touched on several of the 18 U.S.C. § 3553(a) sentencing factors, was adequate. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

McQueen also contends that his above-Guidelines sentence is substantively unreasonable because a within-Guidelines sentence would have been sufficient to satisfy the goals of sentencing. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including McQueen's dangerous flight from police pursuit and his

17-50435

prior robbery and assault convictions. *See Gall*, 552 U.S. at 51. Furthermore, a district court may vary upward based on factors already incorporated into the Guidelines calculations. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).

**AFFIRMED.**