**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-35708 |
| Plaintiff-Appellee, | D.C. Nos.    3:16-cv-01244-BR |
| v. | 3:14-cr-00152-BR-1 |
| EULOS CEASAR KNIGHT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 7, 2018
Portland, Oregon

Before:  FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,[**] District
Judge.

Eulos Ceasar Knight appeals the district court's denial of his motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Even assuming that Knight was ineligible for a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Knight failed to show that the potential for such an enhancement was "demonstrably made the basis for [his] sentence." *United States v. Hill*, — F.3d —, (9th Cir. 2019) (quoting *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009)). Pre-sentencing discussions between the prosecutor and defense counsel about the potential for an ACCA enhancement, and evidence that Knight considered the potential for an ACCA enhancement in entering into his plea agreement, do not make it "abundantly clear" that the district court relied on the potential ACCA enhancement as the basis for its sentence. *Hill*, — F.3d at — (quoting *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978)). Because the district court did not impose a sentence based on misinformation of a constitutional magnitude, we reject Knight's claim that his due process rights were violated and conclude he is not entitled to a hearing on that claim.[1]

**AFFIRMED**.

---

[1] Because Knight's motion fails on the merits, we do not reach the government's argument that Knight's motion is untimely. *See United States v. Hill*, — F.3d — n.1 (9th Cir. 2019).