**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30105 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00182-TMB |
| v. | |
| ANTHONY LAMONT JOHNSON, a.k.a. Anthony L. Johnnson, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Anthony Lamont Johnson appeals from the district court's judgment and

challenges the 40-month sentence imposed following his guilty-plea conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Johnson contends that the district court erred by imposing a sentence that was longer than necessary to meet the sentencing objectives outlined in 18 U.S.C. § 3553(a). Johnson suggests that the district court had an obligation to credit his mitigating arguments because the government did not introduce sufficient evidence to refute them, and that the court violated his right to due process by considering unreliable information. These arguments are legally unsupported and belied by the record. The district court has discretion to determine how to weigh the parties' sentencing arguments under section 3553(a). *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). The court did not consider any unreliable information, *see United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (defining unreliable information as information that "lacks some minimal indicium of reliability" (internal quotations omitted)), and, in fact, gave some of Johnson's mitigating arguments significant weight in deciding to vary below the Guidelines range. Finally, the court did not abuse its discretion in imposing the below-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense, the need to deter Johnson and others from illegally possessing firearms, and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-30105