NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50356 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00005-SVW-21 |
| v. | |
| EFRAIN LEYVA HERNANDEZ, AKA Soto, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Steven V. Wilson, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Efrain Leyva Hernandez appeals from the district court's judgment and

challenges the 71-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute and to possess with intent to distribute cocaine, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846.  We have jurisdiction under 28

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Hernandez first argues that the district court violated his due process rights and abused its discretion by sentencing him based on inaccurate speculation that he was a long-term participant in the conspiracy and held a position of responsibility within the drug trafficking organization. This claim fails because the unchallenged information in the presentence report, upon which the district court was entitled to rely, *see United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc), and Hernandez's admissions, supported the district court's inferences. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (as long as information has "some minimal indicium of reliability," district court does not violate due process by considering it at sentencing (internal quotation marks omitted)).

Hernandez next contends that the sentence is substantively unreasonable. He argues that the district court failed to weigh the 18 U.S.C. § 3553(a) sentencing factors appropriately, including the need to avoid unwarranted sentencing disparities with his co-defendants. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Hernandez's argument, the record reflects that the court considered the section 3553(a) factors, the mitigating circumstances, and the sentences given to some of his co-defendants. The within-Guidelines sentence is substantively reasonable in light of

18-50356

the section 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

18-50356