NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50383 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00470-JAK-1 |
| v. | |
| RICHARD ATAFARI LAWRENCE, AKA Steve Hibbert, AKA Richard Lawrence, AKA Richard Lee Lawrence, AKA Oneil Lindo, AKA Oneil Orlando Lindo, AKA Michael Lee Overton, AKA Kevin Predue, AKA Damion Right, AKA Damon Jamaal Right, AKA Brandon Telloford, AKA Duncan Thomas, AKA Damion William, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Richard Atafari Lawrence appeals from the district court's judgment and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

challenges the 12-month sentence and 18-month term of supervised release imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lawrence contends that the district court violated his due process rights and procedurally erred by basing his sentence on dismissed state charges and unreliable hearsay concerning those charges. This claim fails because the record reflects that the district court did not consider the dismissed allegations; rather, it based the sentence on the admitted failure to report violations. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (to establish a due process violation, a defendant must show the sentence was based on unreliable information). To the extent the court considered the nature of the dismissed charges in assessing the circumstances of Lawrence's failures to report, Lawrence has not shown that the court relied on any unreliable information. *See id.* at 936 (information is unreliable "if it lacks some minimal indicium of reliability beyond mere allegation" (internal quotations omitted)).

Lawrence also contends that the district court procedurally erred by failing to consider his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record shows that the court considered Lawrence's written and oral arguments in favor of a lower sentence. It was not required to specifically

address each of Lawrence's arguments. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Lastly, Lawrence argues that the district court improperly relied on the seriousness of the revocation conduct, resulting in a substantively unreasonable sentence. The record does not support Lawrence's claim that the court placed improper weight on the seriousness of his violations. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (district court may consider severity of the conduct underlying the revocation as long as it does impose the sentence solely or primarily on that basis). The sentence is substantively reasonable in light of the totality of circumstances, *see Gall v. United States*, 552 U.S. 38, 51 (2007), including, as the district court noted, Lawrence's repeated breaches of the court's trust and criminal history, *see Simtob*, 485 F.3d at 1062.

**AFFIRMED.**