**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10078 |
| Plaintiff-Appellee, | D.C. No. 1:99-cr-00021-1 |
| v. | |
| EDWIN PETER BLAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Edwin Peter Blas appeals from the district court's judgment and challenges

the 18-month sentence imposed upon his fifth revocation of supervised release.

We have jurisdiction 28 U.S.C. § 1291, and we affirm.

Blas first contends that the district court procedurally erred and violated his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

due process rights by basing his sentence on hearsay statements contained in a police report. This claim fails because, to the extent the court considered the statements in assessing Blas's breach of the court's trust, Blas has not shown that the statements lacked the requisite indicia of reliability. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (information is unreliable "if it lacks some minimal indicium of reliability beyond mere allegation" (internal quotations omitted)).

Blas also argues that the sentence is substantively unreasonable because it does not serve a rehabilitative purpose and because it was based on the district court's unfounded belief that he poses a threat to the community. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Blas's repeated breaches of the court's trust and his disregard for the terms of his supervised release. *See Gall*, 552 U.S. at 51. Moreover, contrary to Blas's contention, the district court thoroughly explained its reasons for imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**

20-10078