**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6103 |
| Plaintiff - Appellee, | D.C. No. 9:17-cr-00013-DLC-1 |
| v. | |
| GREGORY DAVID KALAYJIAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 19, 2025[**]

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Gregory David Kalayjian appeals from the district court's order denying his third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kalayjian contends that the district court abused its discretion and violated due process by improperly relying on a statement by a cooperating witness contained in the presentence report. The record shows, however, that the court understood the statement was merely an allegation and denied the motion primarily for other reasons, including Kalayjian's extensive criminal history and the amount of time remaining on his sentence. On this record, the court did not violate due process. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (to establish a due process violation, defendant must show that the challenged information was the basis for the decision). Moreover, the court did not abuse its discretion in concluding that the 18 U.S.C. § 3553(a) factors as a whole did not support compassionate release. *See Keller*, 2 F.4th at 1284.

**AFFIRMED.**