**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAY 29 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1208 |
| Plaintiff - Appellee, | D.C. No.<br>1:23-cr-02026-SAB-1 |
| v. | |
| DAVID ROGER FRANKLIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

David Roger Franklin appeals from the district court's judgment and

challenges the 360-month sentence imposed following his guilty-plea conviction

for production, transportation, and possession of child pornography in violation of

18 U.S.C. §§ 2251(a), (e) and 2252A(a)(1), (a)(5)(B), (b)(1), and (b)(2). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Franklin argues that his sentence, which is effectively a life sentence given his age, is substantively unreasonable because: (1) the district court improperly considered pending state charges alleging that Franklin had committed hands-on offenses; (2) the district court's Guidelines calculation was empirically flawed; and (3) the sentence does not sufficiently account for Franklin's advanced age, health conditions, low risk of recidivism, lack of criminal history, and the need to avoid sentencing disparities. Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing the 30-year sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

First, contrary to Franklin's assertion, even if the district court considered the allegations underlying the state charges, that did not violate due process. The allegations were supported by "minimal indici[a] of reliability beyond mere allegation" in that they were consistent with Franklin's admitted conduct. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 936 (9th Cir. 2009). Moreover, the court did not "demonstrably" make the state allegations the basis of the sentence. *See id.* at 935-37. Rather, the court relied primarily on other factors in selecting the sentence, including the nature of the federal offenses, the trauma suffered by the victim and other family members, and Franklin's lack of remorse.

Second, because the Guidelines range of life was higher than the statutory

maximum for each offense, the court properly calculated an alternate range of 130 years under U.S.S.G. § 5G1.1(a). Even if Franklin is correct that this calculation is "nonsensical," it did not result in a substantively unreasonable sentence here.

Finally, the record reflects that the district court was aware of Franklin's mitigating and disparity arguments. Though it agreed that some of Franklin's mitigating arguments weighed in favor of a shorter sentence, it found that they were "moderated" by the aggravating factors. Franklin's "mere disagreement" with how the district court weighed the factors does not amount to abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013). The 30-year sentence is substantively reasonable under the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**